UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.  2:08-cr-42-FtM-99SPC

GEORGE E. HALL, III,
_____

**OPINION AND ORDER**

  This matter comes before the Court on Defendant George E. Hall, III's Motion To Sever (Doc. #94), filed on November 25, 2008. Defendant seeks a severance because if tried with the three co-defendants he will be portrayed in an unflattering light because of the actions of the co-defendants.

  There is a two-step inquiry to determine whether charges may be properly tried at the same time: First, the government must demonstrate that the initial joinder of the offenses was proper under Rule 8. Second, the Court must exercise its discretion in determining whether a severance should nonetheless be granted under Rule 14. United States v. Gabay, 923 F.2d 1536, 1539 (11th Cir. 1991); United States v. Montes-Cardenas, 746 F.2d 771, 776 (11th Cir. 1984).

  The joinder of multiple defendants in an indictment is governed by Fed. R. Crim. P. 8(b), which provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The

> defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Joinder of defendants under Rule 8(b) is a question of law. United States v. Dominguez, 226 F.3d 1235, 1238 (11th Cir. 2000); United States v. Wilson, 894 F.2d 1245, 1252-53 (11th Cir. 1990), cert. denied sub nom. Levine v. United States, 497 U.S. 1029 (1990); United States v. Morales, 868 F.2d 1562, 1567 (11th Cir. 1989). Rule 8(b) is designed to promote judicial economy and efficiency, and the rule is broadly construed in favor of initial joinder. Dominguez, 226 F.3d at 1238; United States v. Weaver, 905 F.2d 1466, 1476 (11th Cir. 1990), cert. denied sub nom. Sikes v. United States, 498 U.S. 1091 (1991). The general rule is that defendants who are jointly indicted should be tried together. United States v. Cross, 928 F.2d 1030, 1037 (11th Cir. 1991), cert. denied 502 U.S. 985 (1991); United States v. Perez-Garcia, 904 F.2d 1534, 1547 (11th Cir. 1990). Absent allegations of bad faith, the question of whether initial joinder is proper is determined by an examination of the allegations stated on the face of the indictment. Weaver, 905 F.2d at 1476; Morales, 868 F.2d at 1567-68.

Joinder is proper when "the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense". Weaver, 905 F.2d at 1477 (quoting United States v. Nettles, 570 F.2d 547, 551 (5th Cir. 1978)). In Morales, the Court noted that the government must demonstrate that "the acts alleged are united by some substantial identity of facts and/or

participants." 868 F.2d at 1569. Under this standard, however, each defendant need not have been involved in every phase of the venture or even know the roles and identities of other participants. Wilson, 894 F.2d at 1253.

Even if initial joinder is proper, however, severance may be granted under Rule 14. Morales, 868 F.2d at 1568. As the Eleventh Circuit said in United States v. Bryan:

> Although the remedy for misjoinder under Rule 8(b) and prejudicial joinder under Rule 14 is the same - severance and separate trials - the two rules are analytically and procedurally distinct. A motion for severance based on misjoinder under Rule 8 alleges an error in the indictment, and severance must be granted if the defendants were improperly joined. Rule 14 comes into play only if joinder was initially proper under Rule 8 but a joint trial would prejudice one or more defendants. It is addressed to the discretion of the trial judge.

843 F.2d 1339, 1342 (11th Cir. 1988)(quoting United States v. Williams, 711 F.2d 748 (6th Cir. 1983), cert. denied 464 U.S. 986 (1983)).

Defendant does not contend that initial joinder was improper, but asserts that severance is appropriate under FED. R. CRIM. P. 14. Zafiro v. United States, 506 U.S. 534, 538 (1993); Morales, 868 F.2d at 1568. Such a motion is addressed to the discretion of the court, and a trial court must balance the prejudice a defendant may suffer from a joint trial against the public interest in judicial economy and efficiency. United States v. Lehder-Rivas, 955 F.2d 1510, 1521 (11th Cir. 1992); United States v. Eyster, 948 F.2d 1196, 1213 (11th Cir. 1991); Cross, 928 F.2d at 1037. A severance may be granted only if a joint trial will result in specific and

compelling prejudice. Eyster, 948 F.2d at 1213-14. "Compelling prejudice" has been held to mean that a jury will not be able to collate and appraise the evidence against each defendant independently. United States v. Nixon, 918 F.2d 895, 906 (11th Cir. 1990). A defendant does not suffer compelling prejudice simply because much of the evidence at trial is applicable only to a co-defendant. United States v. Francis, 131 F.3d 1452, 1459 (11th Cir. 1997); United States v. Smith, 918 F.2d 1501, 1510 (11th Cir. 1990). Similarly, a severance is not justified because a defendant may stand a better chance of acquittal in a separate trial or the evidence is stronger against a co-defendant. Cross, 928 F.2d at 1037, n.21. There is a legal presumption that cautionary instructions to the jury to consider the evidence separately as to each defendant will be adequate to guard against prejudice. United States v. Leavitt, 878 F.2d 1329, 1340 (11th Cir. 1989), cert. denied sub nom. Garces v. United States, 493 U.S. 968 (1989).

The Court finds that no compelling prejudice has been demonstrated at this point in the case. Therefore, the Court concludes that the motion is due to be denied. The Court notes that there is no prohibition against defendant renewing his Rule 14 motions for severance at a future date if additional facts or circumstances are developed which may demonstrate compelling prejudice. United States v. Benz, 740 F.2d 903, 913 (11th Cir.

4

1984); see e.g., United States v. Van Hemelryck, 945 F.2d 1493, 1500 (11th Cir. 1991)(after initially denying the motions for severance, the trial court ultimately revisited the question of severance and severed out two of the co-defendants).

Accordingly, it is now

**ORDERED**

Defendant George E. Hall, III's Motion To Sever (Doc. #94) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of December, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record